IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEPHEN JUICE, | : | |
|---|---|---|
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-16-1913 ✓ |
| v. | : | |
| | : | (Judge Caputo) |
| JUDGE MICHAEL BARRASSE, et al., | : | |
| Defendants | : | |

---

| STEPHEN JUICE, | : | |
|---|---|---|
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-16-2191 |
| v. | : | |
| | : | (Judge Caputo) |
| MICHAEL BARRASSE, et al., | : | |
| Defendants | : | |

# MEMORANDUM

## I. Introduction

Presently before the Court are two civil rights complaints filed pursuant to 42 U.S.C. § 1983 by Stephen Juice, an inmate presently confined at the Benner Township State Correctional Institution (SCI-Benner). As both cases present identical claims, against the same defendants, the cases will be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under *Juice v. Barrasse*, Civ. No. 1:16-cv-1913 (M.D. Pa.), which was the initially filed complaint.

## II. Background

On February 27, 2012, Mr. Juice pled guilty to Unlawful Contact with Minor - Sexual Offenses. *Commonwealth v. Juice*, CP-35-CR-0002421-2011 (Lackawanna Cnty. Ct. C.P.).[1] On November 16, 2012, Mr. Juice was sentenced to thirty-three months' to eighty-four months' incarceration. The Honorable Judge Michael J. Barrasse presided over Mr. Juice's criminal proceeding. No direct appeal was filed. (*Id.*) On November 12, 2013, Mr. Juice filed a *pro se* Petition for Post-Conviction Collateral Relief (PCRA). (*Id.*) Judge Barrasse appointed Mr. Juice PCRA counsel, Kurt Lynott, Esquire. (*Id.*) Mr. Juice filed multiple *pro se* Petitions between April 2014 and October 2015. (*Id.*) On November 10, 2015, Judge Barrassee granted Attorney Lynott's motion to withdraw and dismissed the PCRA Petition. (*Id.*) Mr. Juice then filed additional pleadings that were docketed as amended PCRA petitions. (*Id.*)

A comparison of both Complaints demonstrates that Mr. Juice seeks to present identical claims. In both of the above captioned Complaints Mr. Juice claims Judge Barrasse is "biased and conflicted" and "after a shakedown attempt by counsel Moses and Judge Barrasse retaliated against plaintiff and imposed an unconstitutional 'Megan's Law'" sentence. *See Juice v. Judge Barrasse*, Civ. No. 3:16-cv-1913 (M.D. Pa.), ECF No. 1, p. 3. He also claims his plea counsel (Moses, a non-defendant) failed to advise him of the consequences of his guilty plea. (*Id.*, p. 5.) He also argues that Judge Barrasse and the Lackawanna County Court of Common Pleas violated his "right to access to court (sic), due process and equal

---

[1] Available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

protection" by obstructing his right to PCRA proceedings and appeals of his criminal conviction. (*Id.*, p. 6.) Finally, Mr. Juice claims that although the Pennsylvania Board of Probation and Parole granted him parole on May 28, 2015, he has been unable to obtain a satisfactory "Home Plan" due to his improper adjudication as a sexually violent predator as defined in Megan's Law. (*Id.*, p. 6.) As relief, Mr. Juice seeks his immediate release, monetary damages, copies of the transcripts from his criminal proceedings, and treatment for his various medical ailments (migraines and cancer). (*Id.*, p. 3.)

### III. Discussion

The consolidation of actions involving "a common question of law or fact" under Federal Rule of Civil Procedure 42(a) is a matter of discretion. *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005)(nonprecedential) ("A district court has broad discretion when determining whether consolidation is appropriate.") Rule 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

In both Complaints, Mr. Juice advances the same claims against similar defendants. See *Juice v. Judge Barrasse*, Civ. No. 3:16-cv-1913 (M.D. Pa.) (Caputo, J.) and *Juice v. Barrasse*, Civ. No. 3:16-cv-2191 (M.D. Pa.) (Caputo, J.). Consequently, since both actions

-3-

contain common questions of law and fact, the Court will order the consolidation of both Complaints pursuant to Fed. R. Civ. P. 42(a), and the Court will proceed with the consolidated matter under Mr. Juice's action he filed first, Civ. No. 3:16-1913.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

Date: May 5, 2017