IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN JUICE,

    Plaintiff

v.

JUDGE MICHAEL BARRASSE,
et al.,

    Defendants

CIVIL NO. 3:CV-16-1913

(Judge Caputo)

FILED
SCRANTON

MAY - 5 2017

PER _____
DEPUTY CLERK

**M E M O R A N D U M**

I. **Introduction**

On October 23, 2016, Plaintiff, Stephen Juice, an inmate at the Benner Township State Correctional Institution (SCI-Benner) in Bellefonte, Pennsylvania, initiated the above-captioned action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl.) Mr. Juice claims Defendants violated his Due Process rights when he was designated a sexually violent predator under Megan's Law, 42 PA. CONS. STAT. § 9791(b); denied access to his copies of his criminal transcript and records for the purpose of appeal; and improperly denied parole based on his inability to obtain an acceptable parole plan due to his improper Megan's Law conviction. He names the following as Defendants: the Honorable Michael Barasse; the Court of Common Pleas of Lackawanna County; and the Secretary, Board and all employees of the Pennsylvania Board of Probation and Parole (the Board). As relief he seeks his immediate release from prison on parole and monetary damages. He also seeks unspecified prison officials provide him with cancer treatment.

As Mr. Juice proceeds *in forma pauperis*, the Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

II. **Background**

On February 27, 2012, Mr. Juice pled guilty to Unlawful Contact with Minor - Sexual Offenses. *Commonwealth v. Juice*, CP-35-CR-0002421-2011 (Lackawanna Cnty. Ct. C.P.).[1] On November 16, 2012, Mr. Juice was sentenced to thirty-three months' to eighty-four months' incarceration. The Honorable Judge Michael J. Barrasse presided over Mr. Juice's criminal proceeding. No direct appeal was filed. (*Id.*) On November 12, 2013, Mr. Juice filed a *pro se* Petition for Post-Conviction Collateral Relief (PCRA). (*Id.*) Judge Barrasse appointed Mr. Juice PCRA counsel, Kurt Lynott, Esquire. (*Id.*) Mr. Juice filed multiple *pro se* Petitions between April 2014 and October 2015. (*Id.*) On November 10, 2015, Judge Barrassee granted Attorney Lynott's motion to withdraw and dismissed the PCRA Petition. (*Id.*) Mr. Juice then filed additional pleadings that were docketed as amended PCRA petitions. (*Id.*)

On November 12, 2013, Mr. Juice filed a *pro se* Petition for Post-Conviction Collateral Relief (PCRA). (*Id.*) Judge Barrasse appointed Mr. Juice PCRA counsel, Kurt Lynott, Esquire. (*Id.*) Mr. Juice filed multiple *pro se* Petitions between April 2014 and October 2015. (*Id.*) On November 10, 2015, Judge Barrassee granted Attorney Lynott's motion to withdraw and

---

[1] Available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

denied the PCRA Petition. (*Id.*) Mr. Juice then filed multiple amended PCRA petitions. (*Id.*) Mr. Juice claims Judge Barasse denied his PCRA Petition without holding a hearing or issuing an opinion. (ECF No. 1, Pet., p. 2.)

Mr. Juice claims Judge Barrasse is "biased and conflicted" and "after a shakedown attempt by counsel Moses and Judge Barrasse retaliated against plaintiff and imposed an unconstitutional 'Megan's Law'" sentence. (*Id.*, p. 3.) He also claims his plea counsel (Moses, a non-defendant) failed to advise him of the consequences of his guilty plea. (*Id.*, p. 5.) Mr. Juice also argues that Judge Barrasse and the Lackawanna County Court of Common Pleas violated his "right to access to court (sic), due process and equal protection" by obstructing his right to PCRA proceedings and appeals of his criminal conviction. (*Id.*, p. 6.) Finally, Mr. Juice claims that although the Pennsylvania Board of Probation and Parole granted him parole on May 28, 2015, he has been unable to obtain a satisfactory "Home Plan" due to his improper adjudication as a sexually violent predator as defined in Megan's Law. (*Id.*, p. 6.) As relief, Mr. Juice seeks his immediate release, monetary damages, copies of the transcripts from his criminal proceedings, and treatment for his various medical ailments (migraines and cancer). (*Id.*, p. 3.)

## III. Standard of Review

The Court is required to screen Mr. Juice's Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon

-3-

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)(quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).

"[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). A plaintiff is to be granted leave to file a curative amended complaint even when he does not seek leave to amend, unless amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

## IV. Discussion

### A. Heck Bars Mr. Juice's Civil-Rights Action

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486 - 87, 114 S.Ct. at 2372 (footnote omitted). *Heck* has been extended to claims for relief other than damages. It bars injunctive relief, *Hess v. Chronister*, 247 F. App'x 377, 380 (3d Cir. 2007) (nonprecedential), as well as declaratory relief. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

It follows that under *Heck* Plaintiff's section 1983 challenge to his conviction seeking damages and injunctive relief fails. The Court will therefore dismiss the civil-rights claims. We will not permit amendment because it would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### B. Request for Habeas Relief

Mr. Juice's Complaint challenges his conviction and sentence, as well as his continued confinement by the Board. As relief he seeks his release from imprisonment. The Court cannot grant that relief in a civil-rights action. Plaintiff must instead seek relief by way of a petition under 28 U.S.C. § 2254. *See Keeling v. Att'y Gen. of Pa.*, 665 F. App'x 201, 203 (3d Cir. 2016) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)).

### C. Lack of Defendants' Personal Involvement in Mr. Juice's Medical Care while in Prison.

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago*, 629 F.3d at 130. "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

In his Complaint Mr. Juice claims to suffers from various medical ailments, including cancer. Although he does not make any factual averments concerning his medical care while in prison, as relief he seeks medical care for his migraines and cancer. (ECF No. 1, p. 3.) Again, Mr. Juice does not allege that any of the named Defendants are employed at SCI-Benner or are responsible providing (or denying) Mr. Juice medical care. As such, his Eighth Amendment medical claim against the named Defendants will be dismissed. Because none of the named Defendants are employed at SCI-Benner or responsible for the delivery of medical care for SCI-Benner inmates, he will not be granted leave to amend this claim against these Defendants as it would be futile.

An appropriate Order follows.

A. RICHARD CAPUTO
United States District Judge

Date: May 5, 2017