**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN JUICE,** : <br> : <br> **Plaintiff** : <br> : **CIVIL NO. 3:CV-16-1913** <br> **v.** : <br> : **(Judge Caputo)** <br> **JUDGE MICHAEL BARRASSE,** : <br> *et al.*, : <br> : <br> **Defendants** : | |

# M E M O R A N D U M

## I.  Introduction

Presently before the Court is Mr. Juice's Motion for Reconsideration of the Court's May 5, 2017 Order dismissing his consolidated action for failure to state a claim for which relief could be granted.[1] (ECF No. 14.) In his Complaint Mr. Juice, a state inmate, named the Honorable Michael Barrasse, the Court of Common Pleas of Lackawanna County and the Secretary and Board of the Pennsylvania Board of Probation and Parole (the Board) as defendants in his action filed pursuant to 42 U.S.C. § 1983. He claims he was improperly convicted and sentenced as a sexually violent predator under Megan's Law, denied a copy of his criminal transcript during his criminal appeals, and unable to secure a home plan even though granted parole due to his classification as a sexually violent predator. (ECF No. 1,

---

[1] On May 5, 2017, the Court consolidated *Juice v. Barrasse*, Civ. No. 3:16-cv-2191 (M.D. Pa.) with the present action pursuant to Fed. R. Civ. P. 42(a). *See* ECF No. 12.

Compl.) As relief he sought his immediate release, monetary damages and treatment for his various medical problems.

For the reasons that follow, his motion for reconsideration will be granted in part and denied in part.

**II.    Standard of Review**

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The scope of a motion for reconsideration is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm.*, L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677). A motion for reconsideration is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court. *See Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

**III. Discussion**

In his motion for reconsideration Mr. Juice argues that the Court could have treated [his other action] as an amendment or supplement to the Complaint initially submitted" rather than a separate action. (ECF No. 16, p. 1.) He claims that he "never intended to file more than one Complaint" and that he cannot afford to pay two filing fees. (*Id*.) The Court notes that while each Complaint was dated the same day and was accompanied by an application for leave to proceed *in forma pauperis* and authorization form to allow for the periodic deductions from his account to pay the filing fee, they were received by the Clerk of Courts on separate dates. As such they were given separate docket numbers, but eventually consolidated. To date Mr. Juice has not tendered any funds towards the filing fee in either matter. While it is not the practice of this Court to forgive or refund disappointed plaintiff's their filing fees, in this instance given Mr. Juice's statement that he never intended on filing two separate actions, the identical mailing dates of both Complaints, the Court will vacate paragraph 4 of our May 5, 2017, order which granted Plaintiff leave to proceed *in forma pauperis* in *Juice v. Barrasse*, Civ. No. 3:16-cv-2191 (M.D. Pa.). *See* ECF No. 12. However, Mr. Juice will still be required to pay the full filing fee in *Juice v. Judge Barrasse*, Civ. No. 3:16-cv-1913 (M.D. Pa.).

The remainder of Mr. Juice's claims stem form the Court's finding that his action was more appropriately filed as one for habeas relief. *See* ECF No. 13. Mr. Juice argues that the Court improperly construed his action as seeking habeas relief and that the cases the Court relied upon are either unconstitutional or inapplicable to his situation. Yet he does not explain how his request for release on bail or probation are viable remedies available to him via a civil rights action. Likewise, aside from taking issue with the Court's finding that his claims of

ineffective assistance of counsel and sentencing challenges should be addressed by the Court, he does not identify any clear error of law or fact by the Court in its finding that these matters may only be addressed in a properly filed habeas petition rather than a civil rights matter. *See Preiser v. Rodriguez*, 411 U.S. 475, 505, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *see also Pittman v. Pennsylvania General Assembly,* 642 F. App'x 87, 89 (3d Cir. 2016). The same is true with respect to his claim that although he "has provided the Board with reasonable and satisfactory 'Home Plans'" they have not been approved. Moreover, to the extent Mr. Juice argues that the Board has granted him parole but not yet approved his Home Plan, he fails to assert a viable due process or equal protection claim. It is axiomatic that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Likewise, both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996); *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997).

Except for the issue of the duplicative filing fee, none of the reasons given by Mr. Juice warrant reconsideration by the Court. As such, and for the reasons previously given by the Court, the pending motion for reconsideration will be granted in part and denied in part.

An appropriate order follows.

        **/s/ A. Richard Caputo**
        **A. RICHARD CAPUTO**
        **United States District Judge**

**Date: June 16, 2017**